IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM V. SEGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 13-1079 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications in July of 2010, alleging he had been disabled since November 1, 2009. (ECF No. 6-6, p. 2; No. 6-4, p. 7). Administrative Law Judge ("ALJ"), James J. Pileggi, held a hearing on October 13, 2011. (ECF No. 6-2, pp. 40-69). On December 8, 2011, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 25-36).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Post Decision Evidence

The instant review of the ALJ's decision is not *de novo.* The ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). My review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g). Therefore, in this case, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence (ECF No. 6-8, pp. 51-63) that was not first submitted to the ALJ when reviewing his decision.

If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the

3

evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In this case, Plaintiff submitted, for the first time, multiple documents to the Appeals Council.[1] (ECF No. 6-2, p. 3; No. 6-7, pp. 46-47). Plaintiff argues that his due process rights were violated because the Appeals Council did not make the documents part of the record, and, as such, this court is unable to make an informed review. (ECF No. 9, pp. 12-17). I disagree. To begin with, pursuant to 20 C.F.R. §404.976, the Appeals Council must return evidence to a Plaintiff if it finds that the documents do not relate to the period of time at issue, which the Appeals Council did in this case. 20 C.F.R. §404.976. Furthermore, as I stated previously, Plaintiff must meet all three requirements for a Sentence Six review. *Matthews,* 239 F.3d at 591-593. Plaintiff does not give any reason why he failed to present this evidence to the ALJ prior his issuing his decision. *See*, ECF No. 9. I do not need to review said documents to find Plaintiff failed to meet this requirement. Consequently, I find that Plaintiff has not shown good cause for her failure to submit the additional evidence to the ALJ. Thus, remand under Sentence Six is not warranted.

**C.     Medical Opinions[2]**

Plaintiff first summarily concludes, in two sentences, that the ALJ erred in discounting the medial opinion of Dr. Robert L. Eisler, M.D., while at the same time giving greater weight to the non-examining state consultant. (ECF No. 9, p. 18). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source

---

[1] The Appeals Council looked at the evidence submitted. (ECF No. 6-2, p. 3).

[2] Plaintiff first argues that the ALJ (and the Appeals Council) erred in failing to consider a questionnaire completed by Dr. Randon Simmons, M.D. (ECF No. 9, p. 17). I am only reviewing the decision of the ALJ. Said questionnaire was not before the ALJ. As I noted previously, "evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." *Matthews,* 239 F.3d at 594. Consequently, I find no merit to this suggestion.

who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). Nonetheless, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

Here, the ALJ gave little weight to Dr. Eisler because it was largely based on Plaintiff's self-reports, which the ALJ found to be not fully credible. (ECF No. 6-2, p. 32). Additionally, the ALJ found that Dr. Eisler's opinion was internally inconsistent and inconsistent with the record. (ECF No. 6-2, p. 32). These are all valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, I find there is substantial evidence of record to support the ALJ's weighing of the opinion of Dr. Eisler. *See,* evidence cited at ECF No. 6-22, p. 32. Consequently, I find no error in this regard.

In contrast, the ALJ gave great weight to state agency consultant James Vizza, Psy.D. (ECF No. 6-2, pp. 32-33). State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). The ALJ gave Dr. Vizza's opinion great weight because it was "well-reasoned and well-supported by the claimant's records as a whole, documenting no more than moderate limitations, revealing the claimant to be self-sufficient and independent in his personal life, and showing only conservative mental health treatment." (ECF No. 6-2, pp. 32-33). These are all valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Consequently, I find no error in this regard.

Plaintiff also argues that the ALJ erred in failing to mention that Dr. McGorrian rated Plaintiff's GAF at 50 in his report of July 9, 2007. (ECF No. 9, p. 18). To begin with, the ALJ did discuss Dr. McGorrian's treatment of Plaintiff and recognized that her treatment of Plaintiff began in 2007. (ECF No. 6-2, pp. 30-31). Dr. McGorrian's GAF assessment of 50, however, was on

July 9, 2007. Plaintiff's alleged onset date is November 1, 2009. (ECF No. 6-6, p. 2). Thus, this assessment was outside the relevant time period. Consequently, I find the ALJ did not error in discussing in this regard.

### D. Plaintiff's Residual Functional Capacity ("RFC")

Plaintiff argues that the ALJ's RFC assessment of Plaintiff is not supported by substantial evidence. (ECF No. 9, pp. 20-22). In support of Plaintiff's argument, however, Plaintiff submits that substantial evidence supports that he is not able to physically or mentally do the work set forth in the ALJ's RFC finding. *Id.* The standard, however, is not whether there is evidence to establish the Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, I find no merit to this point.

### E. Vocational Expert

Plaintiff's final argument is that the ALJ erred in failing to pose accurate questions to the vocational expert regarding Plaintiff's impairments. (ECF No. 9, pp. 22-24). I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 6-2, pp. 30-34). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM V. SEGER, )
)
        Plaintiff, )
)
-vs- )   Civil Action No. 13-1079
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 23rd day of September, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 10) is granted.

                              BY THE COURT:

                              s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge